**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES THOMAS LONG, on behalf of himself and the proposed class, DBA James Thomas Long Photography, | No. 11-17754 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05761-RS |
| v. | MEMORANDUM* |
| INGENIO, INC., a corporation, DBA AT&T Interactive, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted October 15, 2013**
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District
Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for the Northern District of Iowa, sitting by designation.

Plaintiff James Thomas Long appeals the district court's grant of summary judgment to defendant Ingenio, Inc. in this putative nationwide class action alleging claims for declaratory relief, unjust enrichment, false advertising, and unfair business practices under California state law. Long also appeals the district court's failure to grant him leave to amend his complaint to add additional parties. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Tehama-Colusa Canal Auth. v. U.S. Dep't of the Interior*, 721 F.3d 1086, 1093 (9th Cir. 2013). "We review for abuse of discretion the district court's decisions as to amendments to the complaint." *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 684 (9th Cir. 2010). We affirm the district court's grant of summary judgment to Ingenio and remand for further proceedings consistent with this disposition.

The district court correctly granted summary judgment to Ingenio because there is no genuine issue of material fact as to any of Long's claims. First, the record confirms that the allegations in Long's complaint refer to Pay Per Call services provided and advertised by another entity, Pacific Bell Directory, rather than Ingenio. In addition, Long does not, and cannot, dispute that the governing Pay Per Call contract about which he complains was between him and Pacific Bell Directory, not Ingenio. Nor can Long dispute that Ingenio had no communications with him

regarding solicitation of the Pay Per Call services, made no misrepresentations to him regarding such services, and did not bill or charge him for any services. The record contains no evidence that Ingenio committed any unlawful, unfair, or fraudulent business act; engaged in false advertising in connection with the Pay Per Call services; was unjustly enriched at Long's expense; or caused him to suffer economic injury. Put simply, Long has sued the wrong party, and all of his claims against Ingenio fail as a matter of law.

Attempting to salvage his claims, Long asserts that Ingenio established the unconscionable Pay Per Call criteria for classifying calls as chargeable, placed misleading information about his business into the online "stream of commerce," and aided, abetted, and facilitated unlawful, unfair, or fraudulent acts by providing technical support for the Pay Per Call services. Viewing the facts in the light most favorable to Long, we conclude that these arguments find no support in the record, misconstrue the evidence and the law, and fail to raise a genuine issue of material fact on any of Long's claims against Ingenio. We therefore affirm the district court's grant of summary judgment to Ingenio.

Although the district court entered judgment in favor of Ingenio and closed Long's case, it never expressly ruled on Long's requests for leave to amend to add parties to his complaint. Accordingly, we decline to consider—and have no basis

upon which to determine—whether the district court abused its discretion in the absence of any ruling on this issue. Instead, we remand to the district court with instructions to consider in the first instance Long's request for leave to amend to add additional parties.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.** Each party shall pay its own costs on appeal.